## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DON BRYANT,

                    Plaintiff,

v.                                                          Case No.  6:10-cv-1615-Orl-28DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

                    Defendants.

_____

### ORDER OF DISMISSAL

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, initiated this action by

filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  Because Plaintiff is a prisoner

seeking redress from a governmental entity or employee, the Court must review the

complaint to determine whether it is frivolous or malicious.

*I.*    *Legal Standard*

Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial

review of certain civil suits brought by prisoners:

> (b)    Grounds for Dismissal.--On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the
> complaint--
>
> (1)    is frivolous, malicious, or fails to state a claim upon which
> relief may be granted; or
>
> (2)    seeks monetary relief from a defendant who is immune from
> such relief.

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. section 1915(e) directs the court to dismiss actions which are frivolous or malicious. A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). However, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

## II.    Analysis

Plaintiff has brought this action against Walter McNeil, the Secretary of the Deparment of Corrections; Steve Wellhausen, the Superintendent of the Tomoka Correctional Institution; T. E. Wilkins, a Sergeant at the Tomoka Correctional Institution; and Y. Perry a correctional officer at the Tomoka Correctional Institution. He alleges that he was incarcerated at the Tomoka Correctional Institution from May 23, 2010, through July 23, 2010; that Defendants Wilkins and Perry confiscated eighty-eight photographs belonging to him; and that, upon his release on July 23, 2010, he was informed that all of the photographs were disposed of on June 23, 2010.

According to Plaintiff, he was informed after the disposal of the photographs that there was time-limit within which to send the photographs to another location. However,

Plaintiff contends that the "indifferent disregard and wrongful disposal of" the photographs violated his constitutional rights.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, "a prisoner's cause of action based on unauthorized deprivation of property by a state actor is not actionable under section 1983 unless there is no adequate post-deprivation remedy available." *Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008).

Plaintiff has failed to plead or otherwise argue that the remedies under Florida law are inadequate. Consequently, because there is no indication that Plaintiff has not had access to an adequate post-deprivation remedy, he is not entitled to relief under section 1983. *See Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991).[1]

Moreover, as to Defendants McNeil and Wellhausen, none of the allegations in the complaint refer to any personal involvement by these Defendants nor does the complaint state that these Defendants had knowledge of these matters. Plaintiff has failed to allege or otherwise indicate any personal action or inaction by these Defendants whatsoever within the scope of their responsibilities that would make them personally liable for

---

[1]Plaintiff has also failed to present allegations demonstrating that any other constitutional rights were violated as result of Defendants' actions.

damages under section 1983. Plaintiff simply has failed to demonstrate a sufficient basis on which to hold these Defendants liable. *See Sanders v. United States*, 760 F.2d 869, 872 (8th Cir. 1985). Any conceivable liability on the part of these Defendants would be based on the doctrine of *respondeat superior*, which has clearly been rejected as a theory of recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Consequently, Plaintiff's complaint is frivolous and is dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     This case is **DISMISSED**.

2.     The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida this _____ day of November, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sa 11/3
Don Bryant